STATE of Iowa, Appellant,

v.

Robert BUTLER, Appellee.

No. 87–356.

Supreme Court of Iowa.

Feb. 17, 1988.

Thomas J. Miller, Atty. Gen., John P. Sarcone and David R. Sheridan, Asst. Attys. Gen., for appellant.

Richard E.H. Phelps II, Newton, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Defendant, Robert Butler, was convicted by a magistrate's jury of failing to comply with the lawful order of the Jasper County Board of Health, a simple misdemeanor. On appeal to the district court, the conviction was overturned on the ground that the order was unlawful. That conclusion was premised on the court's belief that defendant's private sewage disposal system enjoyed a "grandfather rights" exclusion from administrative regulations adopted after defendant's sewer system was in place. We granted the State's application for discretionary review of the district court's order. Because we disagree with that court's conclusions, we reverse its order and remand the case for further proceedings.

Sometime in July 1985 the Jasper County Board of Health advised defendant that his septic tank was depositing raw sewage on the surface of the ground in a ditch in front of his home in rural Jasper County. In August 1985, defendant appeared before the board and, at his request, was granted an extension until June 30, 1986, to improve his private sewage disposal system. At that time, defendant was advised that this would require a permit from the county and approval and inspection by the sanitarian.

Improvements made to defendant's sewer system between August 1985 and June 1986 were not submitted to the local board of health for its prior approval. In addition, the local board determined that these improvements did not comply with state administrative regulations for the construction, alteration or repair of individual sewage disposal systems.

On June 18, 1986, the local board of health wrote defendant advising him that he was in violation of 900 Iowa Administrative Rule 69.4(3)(b) and directed that he submit a plan within fifteen days for updating his sewer system to meet all requirements imposed by applicable administrative regulations of the state board of health. Defendant was further advised that failure to comply with that directive would result in a criminal prosecution. When defendant did not comply with the local board's June 18, 1986, directive, a complaint was filed in the district court charging him with a violation of Iowa Code section 137.21 (1985), a simple misdemeanor. This was the charge for which he was convicted by a magistrate's jury.

■ In seeking to uphold the district court's order overturning his conviction, defendant urges that the administrative regulations on which the local board's order was based do not apply to individual sewage disposal systems constructed prior to the effective date of the regulations. The applicable administrative rules provide as follows:

(3) When a public sanitary sewer is not reasonably accessible, every building wherein persons reside, congregate or are employed, shall be provided with an approved individual sewage disposal system.

. . . .

b. *Construction, alteration or repair.* All individual sewage disposal systems constructed, altered, or repaired after the effective date of these rules shall comply with these requirements.

. . . .

d. *Discharge restrictions.* It is prohibited to discharge any household drainage or sewage from private sewer disposal systems to any ditch, stream, pond, lake, natural or artificial waterway, county drain tile, surface water drain tile, land drain tile or to the surface of the ground.

900 Iowa Admin.Code 69.4(3). Other administrative regulations specify the types of construction which are permissible for private sanitary sewer systems.

It is undisputed between the parties that defendant's system was in place at the time these administrative rules were adopted. The State contends, however, that the provisions of rule 69.4(3)(d), prohibiting the discharge of sewage into any ditch, applies to all private sewage disposal systems not accessible to a public sewer regardless of when the private systems were constructed. It further argues that defendant's violation of the prohibition against discharging sewage into a ditch was an act which authorized the local board of health to order alteration of the system. Such alteration, in turn, triggered the applicability of the other administrative regulations relating to construction, alteration or repair of a private sewage disposal system.

Our review of these administrative rules, as they apply to defendant, convinces us that the State's interpretation is correct. The district court erred in reaching a contrary result. Accordingly, the basis upon which the district court relied for overturning defendant's conviction was inappropriate.

■ We must consider another argument which defendant urges on appeal. This argument concerns an issue urged by defendant in the district court but not considered in the order overturning his conviction. Certain language contained in the rules and regulations of the local board of health suggests that the rules only apply to private sewer systems serving more than fifteen persons and less than twenty-five persons for less than sixty days. That language has been removed from the local board's rules and regulations by an amendment approved subsequent to the June 18, 1986, directive to the defendant.

We conclude that the language of the local regulations are of no consequence in the present case. The order which defendant was accused of violating was expressly premised on the applicable provisions of the Iowa Administrative Code, which we have quoted above. The local board had authority to order compliance with the state regulations and acted to do so in the present case.

**364**

Defendant also challenges Iowa Code section 137.21 (1985) as unconstitutionally vague. We have considered his arguments on this issue and the authorities which he suggests support his constitutional challenge. We find this contention to be untenable. We discussed the test for facial vagueness under the fourteenth amendment in *Pottawattamie County v. Iowa Department of Environmental Quality*, 272 N.W.2d 448, 452 (Iowa 1978). We recognized in that case that "a degree of indefiniteness is necessary to avoid unduly restricting the applicability of the [proscribing] rule." *Id.* at 453. We further stated:

> A statute is unconstitutionally vague under due process when its language does not convey sufficiently definite warning as to that conduct proscribed by the statute, measured by common understanding or practice. If the terms of the statute are such that an ordinary person exercising common sense can sufficiently understand and fulfill its proscriptions, it is not unconstitutionally vague.

*Id.* at 452. Judged by this standard, we conclude that defendant has failed to demonstrate that the meaning of this regulation is so facially vague as to violate due process.

Defendant's appeal to the district court was from the order of a judicial magistrate. Pursuant to Iowa Rule of Criminal Procedure 54(3), as amended by 1987 Iowa Acts Chapter 25, section 2, he is not entitled to a trial of his case anew. It appears, however, that there may have been other matters raised in defendant's appeal which were never resolved in the district court. The effect of our reversal is to return the case to that court for such further proceedings as may be required. The order of the district court is reversed and the case remanded to that court for further proceedings not inconsistent with our opinion.

**REVERSED AND REMANDED.**